UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| EDGAR BANUELOS, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 4-19-cv-320 |
| SOUTHERN TIRE MART, LLC, | § § § | |
| Defendant. | § | |

## SOUTHERN TIRE MART, LLC'S MOTION TO DISMISS PORTIONS OF PLAINTIFF'S *COMPLAINT* (DOCKET NO. 1) FOR FAILURE TO STATE A CLAIM

Defendant Southern Tire Mart, LLC ("STM" or "Defendant" respectfully files this Motion to Dismiss Portions of Plaintiff's *Complaint* (Docket No. 1) for Failure to State a Claim ("Motion to Dismiss"). Plaintiff's lawsuit purports to be based on FMLA violations of interference and retaliation (Docket No. 1, ¶¶19 & 24) and ADA violations for disability discrimination (Docket No. 1, ¶26). Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant respectfully moves to dismiss Plaintiff's ADA "disability discrimination" claims.[1] The motion is based on the following grounds.

### A. Applicable Law—*Federal Rule of Civil Procedure* 12(b)(6):

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

---

[1] Alternatively, Defendant attaches as Exhibit A its Answer to Plaintiff's *Complaint.*

555 (2007)). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Federal Rule of Civil Procedure 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. *Twombly*, 550 U.S. at 555 & n. 3. Thus, although a court must accept all well-pleaded factual allegations in the complaint as true, it need not credit bare legal conclusions which are unsupported by any factual underpinnings. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. *Id.* at 678. Under a Rule 12(b)(6) analysis, "'the plaintiff [must plead] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (*quoting Iqbal*, 556 U.S. at 678). To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. *Twombly*, 556 U.S. at 566–69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier*, 503 F.3d at 401 (internal citation omitted).

> **B. *Plaintiff Is Not Entitled to Relief Under the ADA Because the ADA Does Not Necessarily Protect Proven Performers from Being Replaced Nor Require Qualified Managers Trained and Supervised on Protecting Proven Performers from Being Replaced.***

Title I of the ADA, 42 U.S.C. § 12112(b)(5)(A), prohibits discrimination against an employee on the basis of physical or mental disability and requires an employer to make reasonable accommodations necessary to allow an employee with a disability to perform the essential functions of the job unless the accommodation would impose an undue hardship on the employer. *See Stockton v. Christus Health Se. Texas*, 1:15-CV-333, 2017 WL 1287550, at *9 (E.D. Tex. Feb. 3, 2017). Plaintiff inaccurately extrapolates the requirements of the ADA and imposes within his *Complaint* the legally unsupported requirements that: (1) the ADA protects "a proven performer from being replaced because of his disability," (Docket No. 1, ¶¶7 & 27), and (2) the ADA requires companies "have qualified managers who are trained and supervised on protecting proven performers from being replaced because of a disability." (Docket No. 1, ¶¶8 & 27).

In contrast, to recover on his claim of employment discrimination, Plaintiff must show: (1) he is disabled, has a record of having a disability, or is regarded as disabled, (2) he is *qualified* for his job, and (3) he was subjected to an adverse employment action on account of his disability or the perception of his disability. *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 695 (5th Cir. 2014);

(emphasis added); *Stockton*, 2017 WL 1287550, at *6. Accordingly, the ADA does not impose the requirement that an employer "protect a proven performer from being replaced because of his disability." *See id.* Nor does the ADA impose the requirement that an employer "have qualified managers who are trained and supervised on protecting proven performers from being replaced because of disability." *See id.*

Moreover, Plaintiff does not factually contend that he is a "proven performer."[2] Nor does he more significantly contend that he was "qualified for his job." Therefore, Plaintiff's *Complaint* fails to describe any unlawful employment discrimination based on disability and is wholly insufficient to meet the requirements of Federal Rule of Civil Procedure 12(b)(6).

## CONCLUSION AND PRAYER

Defendant respectfully requests the above-referenced portions of Plaintiff's *Complaint* for failure to state a claim and for all further relief to which Defendant may be justly entitled.

---

[2] Plaintiff's *Complaint* merely states Southern Tire Mart, LLC violated the ADA by failing to protect "a proven performer" (Docket No. 1, ¶27) but does not specifically identify the proven performer nor allege within the Background Facts Plaintiff's qualifications for the job (Docket No. 1 ¶5-15).

Dated: June 7, 2019                    Respectfully submitted,

/s/ *Hillary Kramer Lynch*
**JOHN L. ROSS**[3]
Texas State Bar No. 17303020
jross@thompsoncoe.com
**HILLARY KRAMER LYNCH**
Texas State Bar No. 24055800
hlynch@thompsoncoe.com

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 North Pearl Street, Suite 2500
Dallas, Texas 75201
Telephone:  (214) 871-8200
Facsimile:   (214) 871-8209

**ATTORNEYS FOR SOUTHERN TIRE MART, LLC**

**CERTIFICATE OF SERVICE**

This is to certify that on June 7, 2019, a true and correct copy of the foregoing document was served on the below counsel of record via the Court's Electronic Case Filing system.

Brian P. Sanford
David Norris
THE SANFORD FIRM
1910 Pacific Ave., Ste. 15400
Dallas, Texas 75201
bsanford@sanfordfirm.com
dnorris@sanfordfirm.com

/s/ *Hillary Kramer Lynch*
**HILLARY KRAMER LYNCH**

---

[3] Lead Attorney, Board Certified in Labor & Employment Law and Civil Trial Law by the Texas Board of Legal Specialization.