**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **EDGAR BANUELOS,** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4-19-CV-320** |
| | § | |
| **SOUTHERN TIRE MART, LLC,** | § | |
| | § | |
| **DEFENDANT.** | § | |

**EMERGENCY MOTION OF DEFENDANT SOUTHERN TIRE MART, LLC'S UNOPPOSED MOTION TO AMEND SCHEDULING ORDER AND MOTION TO ALLOW ADDITIONAL TIME FOR DEFENDANT STM TO FILE A RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE KIMBERLY PRIEST JOHNSON:**

Defendant Southern Tire Mart, LLC ("STM") files this Unopposed Motion to Modify the Scheduling Order (Dkt. 17) and Allow Additional Time for Defendant STM to File a Response to Plaintiff's Motion for Partial Summary Judgment (Dkt. 22) ("Plaintiff's Motion") as authorized by Federal Rules of Civil Procedure 16(b)(4) and 56(d)(2).

## I. RELIEF REQUESTED

Pursuant to Local Rule CV-7(e), the deadline for Defendant STM to file a Response to Plaintiff's Motion was December 13, 2019 and this Court granted Defendant STM's first request for relief pursuant to Local Rule CV-7(l) of additional time to allow for the deposition of Plaintiff and to serve discovery requests to a non-party recently identified. (Dkt. 25) The Court extended the time for Defendant's deadline to respond to Plaintiff's Motion to January 22, 2020. *Id*. However, despite diligent efforts to obtain records from the non-party, the non-party has not yet responded.

Accordingly, there will be imminent, irreparable harm proceeding under Local Rule CV-7(e) and the circumstances make the current, January 22, 2020, deadline still inadequate.

Defendant STM requests this Court allow Defendant STM an additional twenty-eight days to obtain records from the non-party and to extend the deadline to file a Response to Plaintiff's Motion to February 19, 2020. The requested extension is two weeks after the current February 5, 2020 deadline to file dispositive motions. (Dkt. 17) Accordingly, Plaintiff's counsel agreed with Defense counsel to modify the February 5, 2020 deadline and extend the deadline to file dispositive motions to March 4, 2020, which is still five months from the current trial setting in August. Additionally, Plaintiff's counsel is unopposed to extending the deadline to conduct discovery from February 5, 2020 to March 4, 2020 in order to conduct two activities: (1) Plaintiff's deposition and (2) obtain records from the non-party.

## II. INTRODUCTION

1. Plaintiff Edgar Banuelos ("Plaintiff") is a former employee of Defendant STM.

2. On April 29, 2019, Plaintiff initiated this lawsuit against Defendant STM alleging Defendant STM unlawfully discriminated against him based on an alleged disability in violation of the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. § 12101, *et. seq*., and Defendant STM unlawfully interfered and retaliated against him in violation of FMLA. [Doc. 8 at ¶3, 16-37]

3. On June 7, 2019, Defendant STM filed its Plea to the Jurisdiction, Answer, Affirmative Defenses and Request for Disclosure and denied any discrimination and also denied any violation of the FMLA. (Dkt. 4)

4. On November 22, 2019, Plaintiff filed his Motion for Partial Summary Judgment on the issues of FMLA interference, recognition of disability, and disability discrimination. (Dkt. 22)

5. This lawsuit is still progressing and the discovery deadline is currently February 5, 2020. (Dkt. 17)

6. Additionally, the deadline to file motions for summary judgment or other dispositive motions is currently February 5, 2020. *Id*.

7. The case was mediated on January 6, 2019 with mediator John Shipp pursuant to this Court's order, [Doc. 16] resulted in an impasse. (Dkt. 27)

8. This case is set for trial before United States District Judge Sean D. Jordan between August 3, 2010 and August 31, 2020. (Dkt. 17)

## III. ARGUMENT AND AUTHORITIES

### A. RULE 56(D) PREVENTS PREMATURE RULINGS ON MOTIONS FOR SUMMARY JUDGMENT.

Rule 56(d) of the Federal Rules of Civil Procedure provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the Court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." This Rule "is designed to safeguard against a premature or improvident grant of summary judgment." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) (discussing former Rule 56(f)). The U.S. Supreme Court has held that where a party files a "premature" summary judgment, "any potential problem with such premature motions can be adequately dealt with under Rule 56(f), which allows a summary judgment motion to be denied, or the hearing on the motion to be

continued, if the nonmoving party has not had an opportunity to make full discovery." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) (discussing former Rule 56(f)).

Because this rule is designed to protect against an untimely ruling on a dispositive motion against a party that lacks facts critical to its own opposition, Rule 56(d) motions are broadly favored and should be liberally granted." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006); *Ruby v. Livingston*, 600 F.3d 552 (5th Cir. 2010). A non-movant must present more than "vague assertions" in order to receive relief on a Rule 56(d) motion, but instead must "present specific facts explaining his inability to make a substantive response as required by Rule 56(e) and by specifically demonstrating 'how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" *Washington*, 901 F.2d at 1285 (quoting *Securities and Exchange Commission v. Spence & Green Chemical Co.*, 612 F.2d 896, 901 (5th Cir. 1980)). Put simply, the nonmovant must demonstrate "(1) why the nonmovant needs additional discovery and (2) how the additional discovery will likely create a genuine issue of material fact." *Stearns Airport Equipment Co., Inc. v. FMC Corp.*, 170 F.3d 518, 535 (5th Cir. 1999) (discussing former Rule 56(f)); *see also Ecoquij-Tzep v. Le Arlington, Inc.*, 2018 WL 514255 *1 (N.D. Tex. Jan. 28, 2018 (applying the same test to Rule 56(d)).

Finally, in order to succeed on a Rule 56(d) motion, the nonmovant must show that "relevant discovery has been diligently pursued." *Ecoquij-Tzep v. Le Arlington, Inc.*, 2018 WL 514255 *4 (citing *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992)). A court should generally grant a continuance for additional discovery so long as the nonmovant "(i) requested extended discovery prior to [the Court's] ruling on summary judgment; (ii) placed [the Court] on notice that further discovery pertaining to the summary judgment motion

was being sought; and (iii) demonstrated to [the Court] with reasonable specificity how the requested discovery pertained to the pending motion." *Id.* at *3 (citing *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994)).

### B. In Order to Effectively Respond to Plaintiff's Motion, Defendant Requires Additional Discovery to Depose Plaintiff and Obtain Records from a non-Party.

Defendant asks the Court for additional time to depose the Plaintiff and obtain records from a non-party. Otherwise, Defendant is unable to adequately respond to Plaintiff's Motion at this stage of discovery.

Specifically, Plaintiff filed his Motion, on November 22, 2019, two weeks after the first deposition given in this case. The first deposition was given on November 8, 2019 by Defendant's corporate representative, Doug Blackwell. *See* Ex. 1. On that same day, Plaintiff's counsel provided a copy of a document upon which Plaintiff relies on in his Motion. *See* Ex. A to Dkt. 22, titled "Return to Work/School." The document purports to be a "full release" by Plaintiff's medical provider, DFW Center for Spinal Disorders, and is dated March 26, 2019. *Id*. However, on August 12, 2019, when DFW Center for Spinal Disorders responded to Defendant's subpoena, the March 26, 2019 full release was not produced to Defendant. *See* Ex. 2.

Moreover, Defendant STM contends Plaintiff never provided the full release to Defendant STM upon his return from FMLA, which expired on March 14, 2019. *See* Ex. 1 at 26:15 to 27:7. STM alleges that instead of seeking restoration to his position with a full release, Plaintiff requested Defendant STM assist him in filing for long term disability. *Id*.

Accordingly, Defendant will need to depose the Plaintiff and obtain a response from a previously submitted subpoena to the long-term disability carrier to effectively oppose Plaintiff's Motion. Specifically, in December and well before the February 5, 2020 deadline, Defendant

served a non-party subpoena on Cigna to obtain records related to Plaintiff's application for long-term disability benefits. However, Cigna has not yet responded. As Defense counsel just learned of Plaintiff's disability application, upon learning of it, Defense counsel diligently took steps to obtain the records, and will need those records not only to effectively take Plaintiff's deposition but also in order to respond to the Plaintiff's Motion. *See, e.g., Cleveland v. Policy Mgmnt. Sys. Corp.*, 526 U.S. 795, 796 (1999) (an ADA plaintiff's sworn assertion in application for disability benefits that he is unable to work negates the essential element of ADA claim that he can perform the essential functions of the job); *Crews v. Dow Chem. Co.*, 2008 WL 2902575 (5th Cir. July 29, 2008) (*per curiam*, plaintiff receiving disability benefits and Social Security disability benefits was not "a qualified individual with a disability"); *Holtzclaw v. DSC Comm. Corp.,* 255 F.3d 254, 258-59 (5th Cir. 2001) (statements on SSDI application); *Williams v. Good Shepherd Med. Center, et al.*, No. 2:13-CV-00267-JRG (*Mem. Op. and Order* granting summary judgment, p. 6) Docket No. 77 (March 31, 2015). Moreover, Defendant should have the opportunity to depose Plaintiff and examine him regarding the substance of his application for long-term disability benefits. Accordingly, these facts demonstrate (1) why the additional discovery is needed and (2) how the likely discovery will demonstrate a genuine issue of material fact. *See Stearns Airport Equipment Co., Inc.*, 170 F.3d at 535.

### C. GOOD CAUSE EXISTS TO MODIFY THE SCHEDULING ORDER.

Additionally, Defendant does not request a modification to the Court's ordered trial date currently set between August 3, 2010 and August 31, 2020. Rather, Defendant requests an extension of the discovery deadline and the dispositive emotions deadlines from February 5, 2020 to March 4, 2020 in order to conduct the discovery proposed above. As a result of the above, good cause exists for these requested modifications of the current scheduling order. *See* Fed. R. Civ. P.

16(b)(4). Although extensions of pre-trial deadlines are not favored, a scheduling order is not immutable; it may be modified when the schedule cannot reasonably be met despite the diligence of the party seeking the extension. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 2000). Here, the Defendant has been diligent and needs additional time to complete two discovery activities and provide additional time between the completion of these activities with the approaching motion and discovery deadline currently set for February 5, 2020. Further, these requested modifications will be completed well before the scheduled August 2020 trial date. Accordingly, Defendant respectfully requests this Court enter the amended scheduling order attached as Exhibit 3.

Based on the foregoing, Defendant STM respectfully requests additional time to adequately prepare its Response to Plaintiff's Motion, a modification to the scheduling order extending the deadlines for discovery and the filing of dispositive motions and respectfully requests that this Court grant the requested relief and this Motion.

Dated: January 15, 2020

Respectfully submitted,

*/s/ Hillary Kramer Lynch*

**JOHN L. ROSS**[1]
Texas State Bar No. 17303020
jross@thompsoncoe.com
**HILLARY KRAMER LYNCH**
Texas State Bar No. 24055800
hlynch@thompsoncoe.com

[1] Lead Attorney, Board Certified in Labor & Employment Law and Civil Trial Law by the Texas Board of Legal Specialization.

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 North Pearl Street, Suite 2500
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209

**ATTORNEYS FOR SOUTHERN TIRE MART, LLC**

## CERTIFICATE OF CONFERENCE

On January 10 and 14, 2020, counsel for Defendant STM that counsel has complied with the meet and confer requirement in Local Rule CV-7(h); and counsel for Plaintiff, Mr. David Norris and Mr. Brian P. Sanford, advised that Plaintiff is unopposed to the relief sought in this motion.

*/s/ Hillary Kramer Lynch*
**HILLARY KRAMER LYNCH**

## CERTIFICATE OF SERVICE

This is to certify that on January 15, 2020, a true and correct copy of the foregoing document was served on the below counsel of record via the Court's Electronic Case Filing system.

Brian P. Sanford
David Norris
THE SANFORD FIRM
1910 Pacific Ave., Ste. 15400
Dallas, Texas 75201
bsanford@sanfordfirm.com
dnorris@sanfordfirm.com

*/s/ Hillary Kramer Lynch*
**HILLARY KRAMER LYNCH**