# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **EDGAR BANUELOS,** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4-19-CV-320** |
| | § | |
| **SOUTHERN TIRE MART, LLC,** | § | |
| | § | |
| **DEFENDANT.** | § | |

## DEFENDANT SOUTHERN TIRE MART, LLC'S RESPONSE AND OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**TO THE HONORABLE COURT:**

Defendant Southern Tire Mart, LLC ("STM") files this Response and Opposition to Plaintiff's Motion for Partial Summary Judgment (Dkt. 22) ("Plaintiff's Motion") under Federal Rule of Civil Procedure 56 and in support shows the Court as follows:

## I.    SUMMARY OF OPPOSITION

The summary judgment evidence conclusively shows (i) Plaintiff was not disabled and (ii) STM did not discriminate against Plaintiff. Instead, the evidence categorically establishes Plaintiff was approved for leave under the Family and Medical Leave Act ("FMLA") to undergo back surgery and failed to return to work within 12 weeks with a full release from his doctor. The FMLA guarantees only twleve weeks of protected leave, § 2614(a)(1). In this case, Plaintiff was not entitled to reinstatement. For these reasons, the Court should deny Plaintiff's Motion.

## II.    RESPONSE TO PLAINTIFF'S STATEMENT OF ISSUES

1. Do the undisputed facts conclusively show that STM interfered with Plaintiff's FMLA leave?

   - Response: Plaintiff withdrew this issue upon the filing of the Supplement to Plaintiff's Motion. (Dkt. 30). Therefore, STM does not address this issue herein. To be clear, Plaintiff's Motion addressed only one factual contention for FMLA interference, which was STM's alleged failure to provide him a written designation notice. (Dkt. 22 at p. 3-4) Plaintiff's Supplement to Plaintiff's Motion withdraws this one factual contention and therefore his first issue on summary judgment is also withdrawn. *Id*.

2. Do the undisputed facts conclusively show that Plaintiff had an actual disability or was regarded as having a disability?

   - Response: No. Plaintiff plainly admits his impairments were not substantial, there is no record of his disability and STM did not regard Plaintiff as disabled.

3. Do the undisputed facts conclusively show that STM discriminated against Plaintiff on the basis of a disability?

   - Response: No. There is no direct evidence of discrimination; and even if there were, STM has proven that Plaintiff was terminated because he failed to return to work with a full release after his 12 weeks of FMLA leave expired.

## III.    RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS

1. Plaintiff's illusion of FMLA interference and disability discrimination is dispelled with an easy review of the facts absent from Plaintiff's Motion. In his deposition, Plaintiff unequivocally admitted:

   - He knew he had 12 weeks of medical leave before his back surgery;[1]

   - He knew he was required to provide a full release upon his return from leave; *Id*.

   - He knew his 12 weeks expired on March 20, 2018; *Id*.

   - He took his full, 12 weeks of FMLA leave; *Id*. and

   - He failed to provide a full release before his return to work date of March 21, 2018. *Id*.

---

[1] (Ex. 1 at 66:25-67:8; 67:18-25; 68:2-14; 68:16-19; 68:21; 73:5-15; 73:19-22; 73:24-25; 74:2; & 104:5-9).

2.   Plaintiff began FMLA leave on December 27, 2017.[2] He was scheduled to return to work on March 21, 2018, at the expiration of the maximum allowable time for FMLA leave.[3]

3.   STM's corporate representative, Douglas Blackwell, testified that Plaintiff never provided a full release to STM by his return to work date, which was March 21, 2018. (Ex. 1 at 26:15 to 27:7; Ex. 4 at 18:25-19:17; 20:4-25). Instead of seeking restoration to his position with a full release, Plaintiff requested STM assist him in filing for long-term disability benefits. *Id.*; (Ex. 5).

4.   STM terminated Plaintiff because he failed to return to work on March 21, 2018 with a full release. (Ex. 1 at 26:15-27:7; Ex. 4 at 18:25-19:17; 20:4-25). Indeed, Plaintiff attempts to create a dispute as to this material fact by attaching a purported full release from his doctor to his declaration (Dkt. 22, Ex. A). This release is unauthenticated and was not produced by his doctor in response to a subpoena request to the same doctor (Ex. 6). Notably, the purported full release is dated March 26, 2018. Plaintiff failed to prove he provided a full release before his return to work date of March 21, 2018.

5.   In accordance with FMLA and the policies explained in the Employee Handbook, STM automatically terminated Plaintiff when he failed to provide a full release by his return to work date on March 21, 2018. (Ex. 1 at 26:15 to 27:7; Ex. 4 at 18:25-19:17; 20:4-25).

## IV.   STM'S SUMMARY JUDGMENT EVIDENCE

In support of STM's Response, STM relies on the pleadings in this matter and the summary judgment evidence and materials attached containing Exhibits numbered 1 through 6.

---

[2] (Ex. 1 at 67:18-21).
[3] (Ex. 1 at 73:5-12).

## V.    OBJECTIONS TO PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE

Pursuant to Rules 56(c)(2), 56(e) and Local Rule CV-56, STM objects to Plaintiff's summary judgment "evidence" and asks that the evidence—and corresponding portions in Plaintiff's Motion—be stricken.

Defendant objects to paragraph 7 within Plaintiff's Exhibit A, titled "Declaration of Edgar Banuelos." Defendant also objects to the attached "full release" cited in paragraph 7. (Dkt. 22, Ex. A ¶7) Both paragraph 7 and the "full release" are hearsay with no proper predicate laid for an exception to the hearsay rule.[4] The reference to the "full release" and the "full release" itself are both hearsay because the "full release" is unauthenticated.[5] The trustworthiness of the "full release" is questionable because this particular "full release" was not produced by Plaintiff's doctor in response to STM's subpoena request. *See* Exhibit 6. This statement also lacks authentication to which Plaintiff refers and is not competent summary judgment evidence.[6]

STM also objects to paragraph 8 of the Declaration of Edgar Banuelos. (Dkt. 22, Ex. A ¶8) STM objects to this statement because it is hearsay and is not based on Plaintiff's personal knowledge.[7]

---

[4] . *See e.g.*, *Holt v. Olmsted Tp. Bd. of Trustees,* 43 F. Supp. 2d 812, 819 (N.D. Ohio 1998) (holding plaintiff's affidavit of statements conveying specific findings of plaintiff's doctors are not admissible because diagnoses of . . . doctors may only be established through admission of relevant doctor's records pursuant to Federal Rule of Evidence 803(6) or the sworn testimony of these doctors.)

[5] . *See e.g.*, *United States v. Salinas-Garza*, 20 F.3d 1171 (5th Cir. 1994) (citing *United States v. Marshall,* 762 F.2d 419, 428 (5th Cir. 1985) (holding "the trial court committed reversible error by permitting 'a non-expert witness to give prejudicial hearsay testimony as to the contents of documents that were not themselves introduced into evidence' and which could not have been introduced 'without prior authentication, including a query into their trustworthiness for the purpose for which introduced.'"))

[6] *See e.g.*, *Quibodeaux v. Nautilus Ins. Co.*, 2016 WL 364461 at *3 (5th Cir. Jul. 7, 2016); *Armstrong v. Hexion Specialty Chem. Inc.*, 2010 WL 11530618 at *3 (E.D. Tex. Mar. 19, 2010 (holding "[a] party may not support or oppose summary judgment motion using unauthenticated documents.")

[7] *See e.g.*, *United States v. $92,203.00 in US Currency*, 537 F.3d 504, 508 (5th Cir. 2008); *Goodwin v. Johnson*, 132 F.3d 162, 186 (5th Cir. 1997).

## VI.    ARGUMENT AND AUTHORITIES

**A.    AS A MATTER OF LAW, PLAINTIFF IS NOT ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S DISABILITY DISCRIMINATION CLAIM.**

To establish his *prima facie* case of disability discrimination, Plaintiff must show he (1) (a) is an "individual with a disability," or (b) has a "record of a disability," or (c) was "regarded as" having a disability by STM; (2) was "otherwise qualified" as of his FMLA leave expiration date, to perform the essential functions of the job, either with or without a reasonable accommodation; (3) suffered an adverse personnel action; and (4) was treated less favorably than a similarly situated, non-disabled employee. *See, e.g., Winters v. Pasadena Indep. Sch. Dist.*, 124 Fed. Appx. 822, 2005 WL 165489 (5th Cir. 2005). The only evidence Plaintiff advances in support of a finding that he has an actual disability or was regarded as having a disability is his own subjective assertions in his declaration. (Dkt. 22 at p. 6). However, Plaintiff plainly testified in his deposition that the impairments listed in his declaration were not substantial.[8] Plaintiff's own testimony conclusively negates his disability claim. As shown below, Plaintiff's back *surgery* is not a disability and he was not regarded as disabled.

### 1.    First Element—No Evidence Plaintiff Has a Disability

To meet the definition of an "individual with a disability," Plaintiff must (1) show he has an impairment; (2) identify the life activity that he claims is limited by the impairment; and (3) prove this limitation is substantial. 42 U.S.C. § 12102(1)(A). *See Toyota Motor Mfg., Ky., Inc. v.*

---

[8] (Ex. 1 169:8-18 "Q. Now, in your declaration, you characterized your back condition with certain activities that limited or impaired you, right? A. Correct. Q. What I want to know is whether or not those are substantially limiting? A. No, they are not.) Note, Plaintiff contends he was terminated because of his back *surgery*. (Ex. 1 at 50:5-10) Plaintiff does not contend he was terminated because of his back *condition*. *Id*.

*Williams,* 534 U.S. 184, 194–95 (2000) (quoting *Albertson's, Inc. v. Kirkingburg,* 527 U.S. 555,

567 (1999)):

> It is insufficient for individuals attempting to prove disability status
> . . . to merely submit evidence of a medical diagnosis of an
> impairment. Instead, the ADA requires those "claiming the Act's
> protection . . . to prove a disability by offering evidence that the
> extent of the limitation [caused by their impairment] in terms of their
> own experience . . . is substantial."

*Accord Sechler v. Modular Space Corp.,* 2012 WL 1355586, at 11 (S.D. Tex. April 18, 2012).[9]

"The substantiality of a limitation is analyzed with regard to: (1) the nature and severity of the

impairment, (2) its duration or expected duration, and (3) its permanent or expected permanent or

long-term impact." *Arthur v. BNSF Ry. Co.,* 697 Fed. App'x. 826, 828–29 (5th Cir. 2017).

Here, Plaintiff failed to produce evidence of any impairment that substantially limits any

major life activity. According to Plaintiff, whatever condition medically incapacitated him in

December 2017 was temporary and resolved within three months and he received a *full medical*

*release.* (Ex. 1 at 102:23-25) Indeed, his own testimony that he has been fully released without

any restrictions and he was not substantially limited negates this issue. (Ex. 1 169:8-18 "Q. Now,

in your declaration, you characterized your back condition with certain activities that limited or

impaired you, right? A. Correct. Q. What I want to know is whether or not those are substantially

limiting? A. No, they are not. Q. And your back condition has not limited you from seeking other

employment in doing the exact same job that you did for Southern Tire Mart, right? A. Correct.").

---

[9] *See also, e.g., Dutcher v. Ingalls Shipbuilding,* 53 F.3d 723, 726 (5th Cir. 1995) ("A physical impairment, standing alone, is not necessarily a disability as contemplated by the ADA. The statute requires an impairment that substantially limits one or more of the major life activities."). "[N]either the Supreme Court nor [the Fifth Circuit] has recognized the concept of a *per se* disability under the ADA, no matter how serious the impairment; the plaintiff still must adduce evidence of an impairment that has actually and substantially limited the major life activity on which he relies." *Waldrip v. Gen. Elec. Co.,* 325 F.3d 652, 656 (5th Cir. 2003).

For example, as the Fifth Circuit determined in *Sherrod v. Am. Airlines, Inc.*, prior back surgery and disability leave of absence failed to show that impairment significantly limited a major life activity. 132 F.3d 1112, 1120-21 (5th Cir. 1998).

Plaintiff's Motion refers to *Cruz v. R2Sonic, LLC*, which is critical of this District's holding in *Stockton v. Christus Health Se. Texas*, 1:15-CV-333, 2017 WL 1287550, at *7 (E.D. Tex. Feb. 3, 2017), for citing nonbinding authority regarding lifting restrictions prior to the 2008 amendments to the ADA. 405 F. Supp. 3d 676, 687 (W.D. Tex. 2019). However, the Fifth Circuit in *Mann v. Louisiana High Sch. Athletic Ass'n*, recognized, "[a]lthough the ADA Amendments Act of 2008 lowered the standard that plaintiffs must meet to show that they are disabled, *see* ADA Amendments Act of 2008, Pub.L. No. 110–325, 122 Stat. 3553 (codified as amended in scattered sections of 42 U.S.C.),[1] a plaintiff must still show substantial limitation, 42 U.S.C. § 12102(1)(A)." 535 Fed. Appx. 405, 410 (5th Cir. 2013). Plaintiff's plain testimony provides no genuine issue of material fact that his alleged impairments are not substantial. (Ex. 1 169:8-18 "Q. Now, in your declaration, you characterized your back condition with certain activities that limited or impaired you, right? A. Correct. Q. What I want to know is whether or not those are substantially limiting? A. No, they are not.) Conclusively, Plaintiff does not have an actual disability under this first definition.

## 2. Second Definition—No "Record of a Disability"

"To prove the existence of a disability under the second prong, a plaintiff seeking to show a record of impairment must show 'a *history* of an impairment that *substantially limited* one or more major life activities when compared to most people in the general population.'" *Sechler v. Modular Space Corp.,* 2012 WL 1355586, at 11, *quoting* 29 C.F.R. § 1630.2(k). *Sherrod,* 132 F.3d at 1120–21(finding that prior back surgery and disability leave of absence failed to show that

impairment significantly limited a major life activity); *Dutcher v. Ingalls Shipbuilding*, 53 F.3d 723, 727 (5th Cir. 1995) (refusing to find an employee disabled while noting that the "record of" an impairment must be of the type that substantially limits a major life activity). Here, for the reasons just stated, Plaintiff's back surgery does not constitute an impairment that substantially limits any major life activity. Therefore, the mere *record* of a surgery, as a matter of law, fails to establish that Plaintiff has a *record* of a *disability.*

Additionally, an essential element of a "record of" claim is proof that the employer had knowledge of the "record." *See, e.g., Ellison v. Software Spectrum,* 85 F.3d 187, 192 (5th Cir. 1996) (summary judgment for employer on plaintiff's "record of impairment" claim when employer had no knowledge of the alleged record); *Roach v. Select Med. Corp.,* 2008 WL 11417713, at 2 (W.D. Tex. Mar. 6, 2008) ("[E]mployer knowledge is required if the employee's theory is that he had a record of such an impairment, 42 U.S.C. § 12102(2)(B)[.]").

Here, Plaintiff has failed to produce a scintilla of evidence that would establish STM had knowledge of any "record" of a "disability" regarding Plaintiff's medical treatment prior to his request for FMLA leave. Moreover, Plaintiff does not contend he was discriminated against prior to his back surgery on December 27, 2017. (Ex. 1 at 49:17-20).

### 3. Third Definition—"Regarded As" Disabled

The "regarded as" theory is fundamentally inconsistent with a Plaintiff's allegation that he, in fact, suffers from a disability. *See, e.g., Christensen v. Titan Distrib., Inc.,* 481 F.3d 1085, 1091-92 (8th Cir. 2007) ("actually disabled" and "regarded as disabled" are "mutually exclusive"); *DiFillippo v. Special Metals Corp.,* 2011 WL 4595204, at 12 (N.D. N.Y. Sept. 30, 2011) ("One cannot be both disabled and regarded as disabled under the ADA at the same time since it is necessary that one have a recognized disability for the former claim and that a litigant be

unlawfully treated as disabled when he or she is not for the latter type of claim."). Knowledge of a medical condition, standing alone, does not support an inference that STM regarded Plaintiff as disabled. *See Ariza v. Loomis Armored US, LLC.,* 676 Fed. App'x. 224, 227 (5th Cir. 2017).

"Disability" under the ADA's third prong requires that Plaintiff establish that he was "regarded by" STM as having an actual or perceived impairment—but only if the impairment was not "transitory and minor." 42 U.S.C. § 12102; *see* 29 C.F.R. § 1630.2(g)(iii). A transitory impairment is an impairment with an actual or expected duration of 6 months or less." 42 U.S.C. § 12102(3)(B). *See also, e.g., Novak v. MetroHealth Med. Center,* 503 F.3d 572, 580-82 (6th Cir. 2007); *Martinez v. City of Weslaco Tex.,* 2013 WL 2951060, at 9 (S.D. Tex. June 14, 2013) (granting motion to dismiss; plaintiff's condition deemed to be transitory where he "was experiencing significant recovery within one to two months" following an on-the-job leg injury).

Here, the "impairment" from which Plaintiff suffered beginning in December 2017 was undeniably transitory, *i.e.,* was, according to Plaintiff, medically resolved within three months. *See Blackburn v. Trs. of Guilford Tech. Comty. Coll.,* 733 F.Supp.2d 659, 663 n. 3 (M.D. N.C. 2010) ("Ordinarily, a temporary impairment due to an injury or illness, including recuperation from surgery, is not sufficient to qualify as a disability under the ADA."). Plaintiff unequivocally admitted his recovery from back surgery was temporary, lasting only three months, and was not permanent. (Ex. 1 at 102:23-25; 103:5-7)

Finally, "despite liberalizing the ADA and expanding its scope through the changes enacted as part of the ADAAA, the law nevertheless provides that causation is 'an integral part of the threshold finding that a plaintiff is regarded as having a disability.'" *Canevari v. Itoh Denki U.S.A., Inc.,* 2017 WL 4080548, at 9 (M.D. Pa. July 24, 2017) (citations omitted), *rep. and recom. adopted,* 2017 WL 4077394 (M.D. Pa. Sept. 14, 2017). "Accordingly, a plaintiff must do more than show

mere knowledge of an impairment, but must instead show that his disability, or perceived disability, was a 'determinative factor in [defendant's] decision to terminate his employment.'" *Id*.

The cause of Plaintiff's termination was his failure to return to work upon the expiration of his FMLA leave. (Ex. 4 at 18:25-19:17; 20:4-25) Nevertheless, Plaintiff cites to an email communication regarding Plaintiff's termination and misconstrues the email in order to claim that the reason for his termination was his back *surgery*. However, the email is actually evidence that he was terminated because Plaintiff was incapable of performing his job functions because of temporary medical restrictions specific to his recovery from surgery and is proof that Plaintiff failed to provide a full release to STM prior to the expiration of his 12 weeks of FMLA leave. *See e.g.*, *Appel v. Inspire Pharm., Inc.*, 428 Fed. Appx. 279, 282 (5th Cir. 2011) (holding employee's evidence of a statement from her supervisor that she was fired because of her pregnancy was evidence that she was incapable of performing her job functions because of her pregnancy and not evidence of discrimination.) In this case, the email is not evidence that STM regarded Plaintiff as disabled and terminated him because of that disability. In fact, it never refers to any disability all. Instead, it explains that STM terminated Plaintiff because he failed to return to work on March 21, 2018 with a full release from his doctor.

Moreover, Plaintiff has no evidence that he provided a full release to STM on or before his return to work date, which was March 21, 2018. Now, Plaintiff attempts to offer a full release in his declaration. In addition to the inadmissibility Plaintiff's declaration and "full release" stated above in STM's objections, the purported "full release" is dated March 26, 2018, six days after his leave expired. Thus, Plaintiff cannot, in good faith, clam that he provided a full release before his return to work date which was March 21, 2018—it simply does not exist. Accordingly, the cause of Plaintiff's termination was his failure to report to work with a full release upon the expiration

of his FMLA leave. Plaintiff, therefore, cannot prove that he was both regarded as disabled and that the cause of his termination was his disability.

**B.     PLAINTIFF HAS NO DIRECT EVIDENCE OF DISCRIMINATION.**

"In an employment discrimination case, if the employee produces direct evidence that discriminatory animus played a role in the decision at issue, the burden of persuasion shifts to the employer, who must prove that it would have taken the same action regardless of discriminatory animus." *Jespersen v. Sweetwater Ranch Apartments*, 390 S.W.3d 644, 653–54 (Tex. App.—Dallas 2012, no pet.) (citing *Price Waterhouse v. Hopkins,* 490 U.S. 228, 252–53, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989); *Sandstad v. CB Richard Ellis, Inc.,* 309 F.3d 893, 896 (5th Cir. 2002)). In the absence of direct evidence of discrimination, the employee must make out a prima facie case of discrimination under the *McDonnell–Douglas* burden shifting analysis. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Plaintiff's Motion does not argue the alternative analysis under *McDonnell-Douglas.*

Plaintiff's Motion argues discrimination because of direct evidence that he claims he was terminated "due to the seriousness of [his] back surgery." (Dkt. 22 at p. 9) This is the only statement Plaintiff claims is direct evidence of discrimination. This is not direct evidence of discrimination. But, even if it were, Plaintiff's Motion fails to negate STM's legitimate, non-retaliatory reason for Plaintiff's termination—*i.e.*, that he failed to return to work with a full release before his FMLA leave expired. Accordingly, Plaintiff is not entitled to summary judgment on his discrimination claim based on his alleged direct evidence.

1.   <u>Inference Is Not Direct Evidence</u>

Direct evidence of discrimination is evidence that, if believed, proves the fact of discriminatory animus without inference or presumption. *Sandstad*, 309 F.3d at 897. If an

inference is required for the evidence to be probative as to the employer's discriminatory animus in making the employment decision, the evidence is circumstantial, not direct. *Nall v. BNSF Ry. Co.*, 917 F.3d 335, 341 (5th Cir. 2019) (citing *Sandstad*, 309 F.3d at 897–98). Statements that courts have found to be direct evidence of discrimination have tended to be insults or slurs against the protected group. *See Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082, 1085 (5th Cir.1994); *Martin v. Bayland Inc.,* 403 F.Supp.2d 578, 582 (S.D.Tex.2005), *aff'd,* 181 Fed. Appx. 422 (5th Cir.2006).

Rather, Plaintiff's evidence requires chains of inferences and assumptions to reach the conclusion that STM acted with discriminatory animus. *Henry v. Spectrum, L.L.C.*, 19-10452, 2019 WL 6248197, at *2 (5th Cir. Nov. 21, 2019): *Rodriguez v. Eli Lilly & Co.*, 820 F.3d 759, 764–65 (5th Cir. 2016). "[C]onclusional allegations . . . [and] unsubstantiated assertions . . . do not adequately substitute for specific facts showing a genuine issue for trial." *See TIG v. Sedgwick James of Washington*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)). In this case, Plaintiff only points to one email statement as direct evidence, but this email statement is not "direct evidence" because it requires the Court to infer and assume Plaintiff's termination was not because of the real reason for his termination—namely, that he failed to return from FMLA leave after his back surgery with a full release. *Id.* Accordingly, this purported email statement is not direct evidence of discrimination.

For example, in *Appel v. Inspire Pharm., Inc.*, the Fifth Circuit held the record did not support an employee's assertion that she showed direct discrimination. 428 Fed. Appx. 279, 282 (5th Cir. 2011). The employee pointed to a statement by one of her supervisors that she was fired because the supervisor believed the employee could not perform all the duties in her job description as a territory manager because of complications arising from her pregnancy. *Id*. The Court aptly held the employee misconstrued that statement as evidence that she was terminated because of her

pregnancy. *Id.* Rather, the Court concluded the statement was actually evidence that the employee was terminated because she was incapable of performing her job functions because of medical complications specific to her pregnancy. *Id.*

In a strikingly similar case, the Second Circuit in *Kucharski v. CORT Furniture Rental*, affirmed summary judgment for an employer because the employee did not return to work as required under employer's leave policy despite the supervisor's references to the employee's pregnancy in the email discussing her termination. 342 F. App'x 712, 713–14 (2d Cir. 2009)

Likewise, STM's decision to terminate Plaintiff "because of the seriousness of his back surgery" was because he failed to return to work with a full release. (Ex. 4 at 18:25-19:17; 20:4-25). Moreover, the email statement goes on to say, "[o]ur work load is still very physical and fast paced." (Dkt. 22, Ex. B at STM 127). STM's corporate representative, Douglas Blackwell, testified that Plaintiff never provided the full release to STM by his return to work date which was March 21, 2018. (Ex. 1 at 26:15 to 27:7; Ex. 4 at 18:25-19:17; 20:4-25).

In support of Plaintiff's contention that this one comment is direct discrimination, he relies solely on Judge Costa's special concurrence in *Nall v. BNSF Ry. Co.*, 917 F.3d 335 (5th Cir. 2019) (Costa, J., concurring). However, the controlling opinion in *Nall* determined the proffered statement was not direct evidence and instead used the familiar *McDonnell Douglas* burden-shifting framework. *Id.* at 341 n.3. Following, instead the Fifth Circuit opinion in *Appel* and the Second Circuit opinion in *Kucharski*, this Court should equally and reasonably conclude the one email statement proffered by Plaintiff in this case is not direct evidence of discrimination. The statement could just as reasonably be inferred to conclude Plaintiff was terminated because he did not return to work following his back surgery with a full and complete release.

### 2. STM Terminated Plaintiff Because He Failed to Return to Work After His FMLA Leave with a Full Release.

Even if this Court determines the statement that Plaintiff was terminated "due to the seriousness of his back surgery" is direct evidence of discrimination, STM proves it would have taken the same action regardless and this is fatal to Plaintiff's Motion. Plaintiff's Motion simply states "Southern Tire has offered no other reason for Banuelos' termination." (Dkt. 22 at p. 9). Plaintiff's contention is incorrect. There is a reason—the only reason—Plaintiff failed to return to work within the allotted 12 weeks of his FMLA leave with a full release. STM's termination of Plaintiff was its adherence to FMLA and its own policies in the Employee Handbook.

Plaintiff knew that if he failed to return as scheduled following the completion of his FMLA leave without first reporting to Human Resources with a full doctor's release, that he would be automatically terminated. (Ex. 2 at STM 249, 261 & 270-71; Ex. 1 at 66:25-67:8; 67:18-25; 68:2-14; 68:16-19; 68:21; 73:5-15; 73:19-22; 73:24-25; 74:2; and 104:5-9) He also knew that he would have to submit a doctor's release certifying his fitness to return to work. *Id*. Moreover, Plaintiff was fully aware that his failure to report to work would subject him to immediate termination. *Id*.

Plaintiff began FMLA leave on December 27, 2017. (Ex. 1 at 67:18-21) He was scheduled to return to work on March 21, 2018, at the expiration of the maximum allowable time for FMLA leave. (Ex. 1 at 73:5-12) In accordance with its attendance policy, STM automatically terminated Plaintiff. *Id*. Accordingly, STM has conclusively proven Plaintiff would have been terminated despite any discriminatory animus that may be found in the statement that Plaintiff was terminated "due to the seriousness of his back surgery."

# VII. CONCLUSION AND PRAYER

Wherefore, Defendant respectfully requests this Court DENY Plaintiff's Motion for Partial Summary Judgment and grant STM such further relief, in law or equity that it may show itself justly entitled.

Dated: February 19, 2020

Respectfully submitted,

/s/ John L. Ross
**JOHN L. ROSS**[10]
Texas State Bar No. 17303020
jross@thompsoncoe.com
**HILLARY KRAMER LYNCH**
Texas State Bar No. 24055800
hlynch@thompsoncoe.com

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 North Pearl Street, Suite 2500
Dallas, Texas 75201
Telephone:      (214) 871-8200
Facsimile:       (214) 871-8209

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

Pursuant to *Fed. R. Civ. P.* 5(b)(2)(E) and 5(b)(3), I hereby certify a true and correct copy of the foregoing document was filed electronically on this 19th day of February, 2020. Parties may access this filing through the Court's system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ Hillary Kramer Lynch
**HILLARY KRAMER LYNCH**

---

[10] Lead Attorney, Board Certified in Labor & Employment Law and Civil Trial Law by the Texas Board of Legal Specialization.